UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMITRIY YEGOROV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUTTER HOSPITAL,<br><br>　　　　　Defendants. | No. 2:18-cv-00609 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

policies/current-rules-practice-procedure/federal-rules-civil-procedure.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff, who has a California address, brings suit under several sections of the federal criminal code (18 U.S.C. § 351, 18 U.S.C. § 1113, 18 U.S.C. § 371, and 18 U.S.C. § 241) against

2

defendant Sutter Hospital, which is located in Sacramento, California. ECF No. 1 at 1. Plaintiff alleges that he, as attorney for a Ms. Iegorova, had been arrested in a car in the parking lot of an Administrative Hearings office by a "civil man" without any questions or Miranda Law instruction. Id. at 2.

Plaintiff alleges that employees of Sutter Hospital were walking around and ignored his request for an insulin shot, blood glucose test, and blood pressure check, as well as his complaints of pain in his temples. Id. Plaintiff alleges he suffers from diabetes and neurologic pain. Id. Plaintiff alleges that he had to wait for one hour in the Emergency Room before he was assisted. Id. at 3. He claims as a result he suffered damage to his internal organs, damages to his brain, sharp pain from broken nerves, and lost his hearing and vision. Id. Plaintiff seeks two trillion dollars in damages. Id.

B. Analysis

Plaintiff's complaint provides no basis for federal jurisdiction, and his complaint must be dismissed. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380.

Jurisdiction may be established by a showing that the plaintiff and defendant are diverse (from different sates) and that the amount in controversy is over $75,000. 28 U.S.C. § 1332. Plaintiff cannot establish diversity jurisdiction because both he and defendant are from California. ECF No. 1 at 1. Thus, jurisdiction for this case cannot be established on the basis of diversity. Jurisdiction may also be established by bringing a claim based on federal law; this is known as "federal question" jurisdiction. 28 U.S.C. § 1331. Plaintiff apparently intends to rely on this

basis of jurisdiction because he brings claims based on federal criminal law. ECF No. 1 at 1. However, a citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Plaintiff cannot bring the federal criminal claims described in his complaint, and no other federal claims are apparent from the content of his complaint. Accordingly, the complaint both fails to establish a basis for federal jurisdiction and fails to state a claim upon which relief can be granted.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. Plaintiff has failed to meet this burden, and the undersigned recommends his complaint be dismissed. The undersigned further recommends that leave to amend not granted in this instance because it is clear from the allegations in the complaint that federal jurisdiction is not available, and the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

### III. CONCLUSION

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to establish federal jurisdiction. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

DATED: March 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE